**UNITED STATES of America, Plaintiff,**

v.

**STEVENS ENTERPRISES, INC., a Mississippi Corporation, Defendant.**

**Civ. A. No. 1807.**

United States District Court
S. D. Mississippi, S. D.

April 11, 1960.

Robert E. Hauberg, U. S. Atty., Edwin R. Holmes, Jr., Asst. U. S. Atty., Jackson, Miss., for plaintiff.

Charles Clark, of Wells, Thomas & Wells, Jackson, Miss., for defendant.

WATSON, Senior District Judge.

This action was tried before the Court without a jury. Therefore, from the testimony, exhibits and admissions contained in the pleadings, the Court makes the following findings of fact and conclusions of law.

### Findings of Fact

1. On or about December 28, 1953, Keesler Air Force Base Exchange and defendant entered into a written concessionaire agreement. Under the terms of said agreement defendant was to furnish certain machines and equipment necessary to properly conduct the concession located at Keesler Air Force Base, Mississippi.

2. Under the contract, defendant was to pay to the Keesler Air Force Base Exchange a sum of money equal to 20 per cent of the defendant's gross receipts derived from defendant's operations as described in the concessionaire agreement. Said payments were to be made on a weekly basis.

3. On or about September 13, 1954, warrants were issued under authority of the State Tax Commission of the State of Mississippi by virtue of which defendant's property located at Keesler Air Force Base was seized by the Sheriff of Harrison County, Mississippi.

4. On or about September 15, 1954, Keesler Air Force Base Exchange, by letter of Captain William H. Dendle, Jr., to Robert Hearne, Vice President of Stevens Enterprises, terminated all contracts then in existence between said Exchange and the defendant.

5. On or about August 17, 1954, and at various other times, defendant was in arrears on payments of money to the Keesler Air Force Base Exchange.

6. On or about September 13, 1954, defendant was in arrears on payments due Keesler Air Force Base Exchange in the sum of $3,452.15.

### Discussion

On or about December 28, 1953, Keesler Air Force Base Exchange, through its authorized representatives, entered into a contract with the defendant, Stevens Enterprises, Incorporated, a Mississippi corporation, whereby Stevens was to install and service various types of vending machines and other equipment at Keesler Air Force Base, Mississippi. In return for this concession, Stevens was to pay to the Keesler Air Force Base Exchange 20 per cent of the gross receipts of its operation, which payments were to be made on a weekly basis. In due time, Stevens made the necessary in-

stallations and proceeded to render the services described in the contract.

After a few months, Stevens began to fall behind in its payments and plaintiff introduced evidence to prove that such delinquency was not unusual. On August 17, 1954, plaintiff notified Stevens in writing that its account was running from 45 to 60 days delinquent, and that payment was desired.

On or about September 13, 1954, the Sheriff of Harrison County, Mississippi, acting in accordance with certain warrants issued under authority of the State Tax Commission of the State of Mississippi, seized defendant's property located at Keesler Air Force Base. It appeared that most, if not all, of the equipment used by Stevens to provide the services required under the concessionaire agreement was impounded and subsequently sold at auction.

On September 15, 1954, Captain William H. Dendle, Jr., the Exchange Officer at Keesler Air Force Base Exchange, informed Mr. Robert Hearne, a vice-president of Stevens, that all contracts then in existence between the Base Exchange and defendant were terminated as of that date. It is plaintiff's contention that as of September 15, 1954, defendant was indebted to the Base Exchange in the sum of $3,452.15, which sum represented the balance of the Base Exchange's share of defendant's gross receipts.

 Defendant argues that the action of the Base Exchange in terminating the contracts was wrongful and that such termination constituted a breach of contract. However, it is the opinion of the Court that the Base Exchange did not breach the contract but, rather, that it was defendant's failure to perform as prescribed by the contract which was the reason for the notice of termination.

Article III, Paragraph 3(d) of the contract is as follows:

"This agreement may be terminated, at the option of Exchange, immediately upon written notice by Exchange to Concessionaire, if Concessionaire wrongfully and wilfully violates the conditions of this Agreement."

 It is a fact that the courts of Mississippi determined that the seizure of defendant's property by the Sheriff of Harrison County was wrongful inasmuch as defendant's tax obligations had been erroneously computed by the state taxing authorities. If this Court were to determine that the seizure and removal of defendant's property was the sole reason for the termination of the contract by the Base Exchange, perhaps the positions of the parties might be somewhat altered. However, the Court believes that defendant's failure to meet its financial obligations as they fell due was sufficient cause for the termination of the contract. It is beyond dispute that when a party to a contract knowingly and wilfully fails in his performance, he is indeed occupying an untenable position when he complains that the other party to the contract has injured him by exercising the power of termination.

It is the opinion of the Court that defendant is indebted to plaintiff in the amount set forth in the Complaint and that interest shall run on such amount from September 13, 1954 until paid.

### Conclusions of Law

1. This Court has jurisdiction of this action as provided under Title 28 United States Code, Section 1345.

2. The Defendant, Stevens Enterprises, Inc., is indebted to the plaintiff in the sum of $3,452.15 plus interest which shall run on said principal sum from September 13, 1954 until paid.

3. Judgment shall be entered against the defendant and in favor of the plaintiff.